# MARTIN *v.* DISTRICT OF COLUMBIA.

---

CONDEMNATION OF LAND; NOTICE TO PERSONS INTERESTED.

1. *Brandenburg* v. *District of Columbia, ante,* p. 140, applied and followed.

2. The holder of a promissory note, secured by deed of trust on land sought to be acquired in condemnation proceedings for the widening of a street or alley, is not entitled to notice of such proceedings, whether he became the owner of the note before or after such proceedings were instituted, and has no right to attack the proceedings in an independent suit brought in his own name.

3. *Quære,* Whether the trustees under the deed of trust, under such circumstances, would be entitled to notice.

No. 1585. Submitted October 5, 1905. Decided November 8, 1905.

HEARING on an appeal by the petitioner from a judgment of the Supreme Court of the District of Columbia dismissing a petition for a writ of certiorari.                          *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Clarence A. Brandenburg, Mr. Edwin C. Brandenburg,* and *Mr. F. Walter Brandenburg* for the appellant.

*Mr. E. H. Thomas,* Corporation Counsel, and *Mr. F. H. Stephens,* Assistant, for the appellee.

Mr. Justice DUELL delivered the opinion of the Court:

In the case of *Brandenburg* v. *District of Columbia, ante,* p. 140, we have determined adversely to the appellant all the questions raised by this appeal, save whether Thomas R. Martin, the appellant, was entitled to notice of the proceedings referred to in *Brandenburg* v. *District of Columbia, supra.* Reference is made to that case for the facts relative to the proceedings under which parts of the lots referred to in the record in this case were taken, damages awarded for such taking, benefits to the remaining parts of the lots apportioned against them, and the damages deducted from the benefits, and the balance made a charge upon the lands remaining.

The additional facts disclosed by this record, so far as necessary to be considered, show that, prior to the proceedings above referred to, Brandenburg, being the owner in fee of the lots in question, conveyed the same to certain persons, as trustees, upon the usual terms, to secure the payment to one Florence E. Edwards, guardian, of a certain promissory note of said Brandenburg, and the renewals thereof, for the sum of $1,000, with interest, and payable to her three years after date. Such deed of trust was duly recorded among the land records of the District of Columbia. At the time when the proceedings referred to were taken, Florence E. Edwards was the owner and holder of the note. Later, but at what exact time does not

appear, the appellant became the owner, for value, of the note, acquiring ownership from Edwards, the payee. The note was unpaid at the commencement of these proceedings in April, 1904. It will be seen by reference to the Brandenburg decision that the condemnation proceedings were had early in 1898.

The question to be determined herein, as stated by appellant, is whether he, as the holder of the note, the payment of which is secured by the trust deed, has such an interest in the property as permits him to question in this proceeding the validity of the special assessment for opening Newport place, the name given to the street as widened by the proceedings.

To put it exactly, the question is whether Martin, who became the owner of the note after the proceedings complained of were had, can attack, in an independent suit, and in his own name, the special assessment, because notice of the same was not given to the owner of the note at the time of the taking of the proceedings, or to the trustees named in the trust deed. We are of the opinion that he cannot sustain this proceeding, for the reason that at the time the proceeding was had he was neither the owner of the property in question, nor had any interest, of any name or nature, therein. After the proceedings were had he became the owner of the note. The matter of the proceedings had become a public record. We do not think that, conceding that the payee and holder of the note had a right to notice, he, as the now owner of it, can attack the proceedings in an independent proceeding brought by him and in his own name. We, however, do not think that the original payee of the note was entitled to notice of the proceedings, for the act says that notice shall be given to the proprietors of the land. A holder of a note, the payment of which is secured by a deed of trust, is no more the proprietor of the land referred to in such a deed than is the holder of a bond, secured by a mortgage upon property, the owner of that property, or part owner of it, were it a case where one mortgage was given to secure more than one bond. In the latter case it would be practically impossible to take any steps under the act in question when the owner of the property had executed a trust deed or mortgage to secure an issue of notes or

bonds.   If, under the act, or if, upon any legal ground, notice is required to be given to anyone when a deed of trust or mortgage is outstanding, such notice would, in our opinion, only have to be given to the trustee or trustees named in the deed of trust or mortgage, not to the holders of notes or bonds to secure the payment of which the deed of trust or mortgage was given.   As this is not a proceeding brought by, or in the name of, the trustees named in the deed of trust, it is unnecessary to decide whether notice should have been given to them.   No reason is set forth in the petition why any rights of the appellant cannot be protected and enforced by the trustees of the deed of trust.

To hold that holders of notes, payment of which is secured by trust deeds, are entitled to notice of proceedings of the character disclosed by the petition herein, would establish an unwise precedent.

The court below did not err in quashing the writ, and its judgment should be *affirmed with costs.   And it is so ordered.*

A writ of error to the Supreme Court of the United States was allowed January 4, 1906.